

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00743-CR

Edwin Charles **NEW**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR0691
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 13, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Edwin Charles New was found guilty of felony prostitution by a jury, and the trial court sentenced New to twenty months' incarceration in state jail and fined him $1,500. In addition, the trial court imposed court costs on New, including reimbursement of attorney's fees.

New's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App.

1969). New was provided a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. New has not filed a pro se brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing costs and attorney's fees against New should be modified. The judgment assesses "Court Costs: $334.00 PLUS ATTY FEES" against New. The bill of cost filed in a supplemental clerk's record includes $1,612.50 in court-appointed attorney's fees. The record reflects that attorney Michael Collins was appointed by the trial court in April 2012 to represent New in this matter, and that Collins represented New through the sentencing phase. After trial, appellant filed a motion for appointment of counsel, asserting that he is "wholly destitute of means to provide counsel." Thereafter, the trial court appointed new counsel pursuant to article 26.04 of the Texas Code of Criminal Procedure to represent New on appeal.

A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012)). The record in this case provides no factual basis for a determination that New's financial circumstances changed after April 2012 or that he is able to pay attorney's fees. *See Cates*, 402 S.W.3d at 252. We therefore modify the judgment of the trial court to delete the requirement that New repay the costs of court-appointed counsel, assessed at $1,612.50, as reflected in the Bexar County District Clerk's bill of cost.

We affirm the judgment of the trial court as modified, and we grant the motion to withdraw filed by New's counsel. *See Bledsoe*, 178 S.W.3d at 826-27; *Nichols v. State*, 954 S.W.2d 83, 86

(Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).[1]

Luz Elena D. Chapa, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should New wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.